IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KAREN GREEN,** | § |
| **Plaintiff,** | § |
| | § |
| v. | § CASE NO. 4:22-cv-02559 |
| | § |
| **HCTec PARTNERS, LLC,** | § **JURY TRIAL DEMANDED** |
| **Defendant.** | § |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW**, Plaintiff, KAREN GREEN (hereinafter, "Plaintiff"), by and through her undersigned attorneys and complains of Defendant, HCTec PARTNERS, LLC (hereinafter, "HCTec" or "Defendant") and files this Original Complaint showing the Court as follows:

### INTRODUCTION

1. Plaintiff, Karen Green, is a resident of Pearland, Texas.

2. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

3. Plaintiff files this Complaint and complains of discrimination on the basis of race under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and 42 U.S.C. § 1981, discrimination on the basis of sex under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, hostile work environment under Title VII of the Civil Rights Act, 42. U.S.C. § 2000e and 42 U.S.C. § 1981, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

1

4.  This action seeks compensatory damages, punitive damages, lost wages, (past, present, and future), attorney's fees, taxable court costs, and pre-judgment and post-judgment interest.

## PARTIES

5.  Plaintiff, Karen Green, is a resident of Pearland, Texas.

6.  Defendant, HCTec, is a for-profit limited liability company formed in the State of Tennessee and registered to do business in Tennessee. Defendant hires employees across the country, including Texas. Defendant may be served with process by mail or in-person on its registered agent, CORPORATION SERVICE COMPANY, 2908 Poston Avenue, Nashville Tennessee 37203, in accordance with FED. R. CIV. P. 4.

## VENUE

7.  Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, because Plaintiff worked in Houston, Texas and a substantial part of the events or omissions giving rise to this lawsuit occurred in Texas, as required under 28 U.S.C. §1391.

## JURISDICTION

8.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), under 42 U.S.C. §2000e, *et seq*. and 42 U.S.C. § 1981.

9.  The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff. Plaintiff was terminated from her employment with Defendant on May 13, 2021 and timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 2, 2021.

11.     Defendant has well over 15 employees and had well over 15 employees throughout the entirety of Plaintiff's employment with Defendant.

12.     The EEOC issued a Notice of Right to Sue letter on May 6, 2022, entitling Plaintiff to file suit based on race and sex discrimination and retaliation for engaging in a protected activity.

13.     This lawsuit has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

14.     Plaintiff is an African-American woman.

15.     Plaintiff was hired by Defendant as a "Team Lead" on April 23, 2018.

16.     Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

17.     Plaintiff's direct supervisor was Bernard Rush (hereinafter, "Rush"), Director of Epic Application Support at HCTec.

18.     In 2021, Rush began treating Plaintiff differently compared to Tier 2 Manager, Ryan Noland (hereinafter, "Noland"), a White male. Rush did this notwithstanding the fact that Plaintiff was fully qualified to perform the duties of her job and was doing an excellent job.

19.     Rush would be dismissive of Plaintiff and ignore her inquiries or requests for information. However, when Noland would make the same or similar inquiries or requests for information to Rush, Noland would receive prompt responses from Rush.

20.     Additionally, while Rush would take Noland at his word when asking Noland whether he had completed a task that Rush had assigned, Rush would question and badger Plaintiff as if he did not trust her, creating a hostile work environment for Plaintiff.

21. Rush also assigned Plaintiff heavier workloads and subordinate employees (for which she was responsible for) than Noland.

22. Because of Plaintiff's heavy workload, she worked an additional 10-15 hours per week, after hours, to complete projects for which she was overall responsible.

23. On or around February 4, 2021, Plaintiff reported examples of this disparate treatment to HCTec's Senior Human Resources Business Partner, Trayce Moyolo (hereinafter, "Mayolo").

24. Plaintiff explained to Mayolo that Rush was discriminating against Plaintiff based on her race and sex.

25. Plaintiff, at that time, only informed Mayolo that Rush would ignore Plaintiff's requests for information, but would respond to Noland when he would send Rush the same requests as Plaintiff. Plaintiff was reluctant to share with Mayolo some of the more egregious examples of disparate treatment she received from Rush because Plaintiff knew that Rush and Mayolo shared a close relationship, and Rush had previously stated to Plaintiff on multiple occasions that Mayolo would, in a general sense, always be on Rush's side.

26. Shortly after Plaintiff complained about Rush to Mayolo, Plaintiff received a call from both Rush and Mayolo in which Rush attempted to explain his actions toward Plaintiff. Plaintiff was later informed by another employee that Mayolo sent messages to Rush, prior to Plaintiff's call with Mayolo, informing him of Plaintiff's complaint, and that Mayolo additionally sent messages to Rush during the three-way phone call, instructing Rush on how to respond to Plaintiff rather than offer his own explanation(s).

27. Plaintiff sought alternative methods of addressing the issues with Rush rather than speaking with Mayolo, such as speaking with Rob Dreussi (hereinafter, "Dreuissi"), HCTec's Chief

Information Officer. Unfortunately, Dreussi would not meet or speak with Plaintiff outside of the presence of Rush.

28. After Plaintiff complained about Rush's discriminatory conduct to Mayolo on February 4, 2021, Rush began retaliating against Plaintiff by further intensifying Plaintiff's workload while simultaneously lessening Noland's.

29. On May 11, 2021, Plaintiff, via Microsoft Teams, communicated to Rush that she had done all that she could do to compel an insubordinate employee to perform their job duties without success. Plaintiff's message stated, "[I] am done[.]" While Plaintiff's first message was short, Plaintiff sent an additional follow-up message, indicating that she intended to schedule a meeting with leadership to discuss the challenges she was facing with the insubordinate employee and HCTec's next course of action.

30. On May 13, 2021, to Plaintiff's surprise, Rush and Mayolo called Plaintiff and informed her that she was being terminated effective-immediately for allegedly sending an inappropriate message in the Microsoft Teams chat. Rush and Mayolo indicated that they interpreted Plaintiff's "[I] am done" message to be inappropriate. Plaintiff disagrees with this interpretation.

31. Moreover, Noland had been reprimanded on several occasions for his inappropriate communications and emails with clients and leadership, including Rush and Dreussi. However, Noland was counseled and continued to be employed by HCTec. Plaintiff was never counseled and was simply terminated.

## COUNT I: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

32. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

33. Section 1981 prohibits employers from intentionally discriminating against employees based on their race.

34. Plaintiff is African-American.

35. Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

36. Defendant, by and through its agents and employees, especially Rush, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 1981.

37. Title 42 U.S.C. §1981, inter alia, protects at-will employees from employment discrimination on the basis of race and national origin because at-will employment in Texas is a form of contract. *Fadeyi v. Planned Parenthood Ass'n*, 160 F.3d 1048 (5th Cir. 1998). Defendant offered to pay Plaintiff for her work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

38. Defendant discriminated against Plaintiff by intentionally engaging in differential treatment toward Plaintiff based on her race as an African-American in the form of being dismissive and ignoring her as opposed to Noland, assigning her heavier workloads and more subordinate employees to keep track of than Noland, and firing her based on her race as an African-American.

39. If Plaintiff was not African-American, she would not have been discriminated against based on her race or unlawfully terminated.

40. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

41. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and

maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

42. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT II: HOSTILE WORK ENVIRONMENT BASED ON RACE UNDER 42 U.S.C. § 1981

43. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

44. Plaintiff is African-American.

45. Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

46. This is an action for damages arising out of harassment in employment stemming from race discrimination.

47. Defendant, by and through its supervisors and managers, as alleged herein, knowingly created, and maintained a hostile work environment and harassed Plaintiff on the basis of her race.

48. Defendant fostered a hostile work environment by treating Plaintiff differently on the basis of her race as an African-American that was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment in the form of being dismissed and ignored as opposed to Noland, being assigned heavier workloads and more subordinate employees to keep track of than Noland, and being fired instead of first being given the opportunity for corrective counseling as Defendant had done with Noland.

49. Defendant knew or should have known of the harassment and hostile work environment because Plaintiff complained to Mayolo in Defendant's Human Resources department regarding Rush's discriminatory conduct on February 4, 2021.

50. Defendant failed to take prompt remedial action reasonably calculated to end the hostile work environment and harassment.

51. If Plaintiff was not African-American, she would not have been harassed based on her race or unlawfully terminated.

52. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

53. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

54. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**COUNT III: RETALIATION (RACE) UNDER 42 U.S.C. § 1981**

55. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

56. Plaintiff engaged in a protected activity when she complained to Mayolo in Defendant's Human Resources department on February 4, 2021 about Rush's unlawful discrimination.

57. Defendant was put on notice that Plaintiff was complaining of unlawful employment practices under 42 U.S.C. § 1981.

58. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 1981, because of their retaliation in response to Plaintiff's complaints of discrimination.

59. Defendant, acting by and through their employees, acted in retaliation against Plaintiff in the form of intensifying Plaintiff's workload while simultaneously lessening Noland's and in the form of unlawfully terminating Plaintiff's employment with Defendant in violation of 42 U.S.C. § 1981.

60. If Plaintiff had not engaged in the protected activity of complaining about Rush's discriminatory conduct, she would not have been terminated.

61. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

62. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

63. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT IV: RACE DISCRIMINATION UNDER 42 U.S.C. § 2000e, *et seq.*

64. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

65. Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. prohibits employers from discriminating against employees based on their race.

66. Plaintiff is African-American.

67. Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

68. Defendant, by and through its agents and employees, especially Rush, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq*.

69. Defendant discriminated against Plaintiff by engaging in differential treatment toward Plaintiff based on her race as an African-American in the form of being dismissive and ignoring her as opposed to Noland, assigning her heavier workloads and more subordinate employees to keep track of than Noland, and firing her instead of first attempting to counsel her as they had done with Noland.

70. If Plaintiff was not African-American, she would not have been discriminated against based on her race or unlawfully terminated.

71. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 2000e, *et seq.*, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

72. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

73. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT V: HOSTILE WORK ENVIRONMENT BASED ON RACE
## UNDER 42 U.S.C. § 2000e, *et seq.*

74. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

75. Plaintiff is African-American.

76. Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

77. This is an action for damages arising out of harassment in employment stemming from race discrimination.

78. Defendant, by and through its supervisors and managers, as alleged herein, knowingly created, and maintained a hostile work environment and harassed Plaintiff on the basis of her race.

79. Defendant fostered a hostile work environment by treating Plaintiff differently on the basis of her race as an African-American that was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment in the form of being dismissed and ignored as opposed to Noland, being assigned heavier workloads and more subordinate employees to keep track of than Noland, and being fired instead of first being given the opportunity for corrective counseling as Defendant had done with Noland.

80. Defendant knew or should have known of the harassment and hostile work environment because Plaintiff complained to Mayolo in Defendant's Human Resources department regarding Rush's discriminatory conduct on February 4, 2021.

81. Defendant failed to take prompt remedial action reasonably calculated to end the hostile work environment and harassment.

82. If Plaintiff was not African-American, she would not have been harassed based on her race or unlawfully terminated.

83. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 2000e, *et seq.*, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

84. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

85. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT VI: RETALIATION (RACE) UNDER 42 U.S.C. § 2000e, *et seq.*

86. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

87. Plaintiff engaged in a protected activity when she complained to Mayolo in Defendant's Human Resources department on February 4, 2021 about Rush's unlawful discrimination.

88. Defendant was put on notice that Plaintiff was complaining of unlawful employment practices under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.

89. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq*, because of their retaliation in response to Plaintiff's complaints of discrimination.

90. Defendant, acting by and through their employees, acted in retaliation against Plaintiff in the form of intensifying Plaintiff's workload while simultaneously lessening Noland's and in the form of unlawfully terminating Plaintiff's employment with Defendant in violation of 42 U.S.C. § 2000e, *et seq*.

91. If Plaintiff had not engaged in the protected activity of complaining about Rush's discriminatory conduct, she would not have been terminated.

92. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

93. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

94. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**COUNT VII: SEX DISCRIMINATION UNDER 42 U.S.C. § 2000e, *et seq*.**

95. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

96. Title VII of the Civil Rights Act, 42. U.S.C. § 2000e, *et seq*. prohibits employers from discriminating against employees based on their sex.

97. Plaintiff is a female.

98. Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

99. Defendant, by and through its agents and employees, especially Rush, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq*.

100. Defendant discriminated against Plaintiff by engaging in differential treatment toward Plaintiff based on her sex as a female in the form of being dismissive and ignoring her as opposed

to Noland, assigning her heavier workloads and more subordinate employees to keep track of than Noland, and firing her instead of first attempting to counsel her as they had done with Noland.

101. If Plaintiff were not a female, she would not have been discriminated against based on her sex or unlawfully terminated.

102. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

103. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

104. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT VIII: HOSTILE WORK ENVIRONMENT BASED ON SEX UNDER 42 U.S.C. § 2000e, *et seq.*

105. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

106. Plaintiff is a female.

107. Throughout the course of her employment with Defendant, Plaintiff was qualified for her job position(s) and was meeting Defendant's legitimate job expectations.

108. This is an action for damages arising out of harassment in employment stemming from sex discrimination.

109. Defendant, by and through its supervisors and managers, as alleged herein, knowingly created, and maintained a hostile work environment and harassed Plaintiff on the basis of her sex.

110. Defendant fostered a hostile work environment by treating Plaintiff differently on the basis of her sex as a female that was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment in the form of being dismissed and ignored as opposed to Noland, being assigned heavier workloads and more subordinate employees to keep track of than Noland, and being fired instead of first being given the opportunity for corrective counseling as Defendant had done with Noland.

111. Defendant knew or should have known of the harassment and hostile work environment because Plaintiff complained to Mayolo in Defendant's Human Resources department regarding Rush's discriminatory conduct on February 4, 2021.

112. Defendant failed to take prompt remedial action reasonably calculated to end the hostile work environment and harassment.

113. If Plaintiff were not a female, she would not have been harassed based on her sex or unlawfully terminated.

114. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 2000e, *et seq*., Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

115. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and

maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

116. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT IX: RETALIATION (SEX) UNDER 42 U.S.C. § 2000e, *et seq.*

117. Plaintiff incorporates the allegations made in Paragraphs 1 through 31 herein.

118. Plaintiff engaged in a protected activity when she complained to Mayolo in Defendant's Human Resources department on February 4, 2021 about Rush's unlawful discrimination.

119. Defendant was put on notice that Plaintiff was complaining of unlawful employment practices under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.

120. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq*, because of their retaliation in response to Plaintiff's complaints of discrimination.

121. Defendant, acting by and through their employees, acted in retaliation against Plaintiff in the form of intensifying Plaintiff's workload while simultaneously lessening Noland's and in the form of unlawfully terminating Plaintiff's employment with Defendant in violation of 42 U.S.C. § 2000e, *et seq*.

122. If Plaintiff had not engaged in the protected activity of complaining about Rush's discriminatory conduct, she would not have been terminated.

123. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff has suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

124. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages. Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

125. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**JURY TRIAL DEMANDED**

126. Plaintiff demands a trial by jury.

**PRAYER**

127. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

   a. Back Pay and Lost Benefits;

   b. Pre-Judgment Interest on Back Pay;

   c. Front Pay;

   d. Compensatory Damages, including, but not limited to, emotional distress;

    e.   Punitive Damages;

    f.   Injunctive and Affirmative Relief;

    g.   Post-Judgment Interest

    h.   Attorneys' Fees and Costs; and

    i.   Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

WHEREFORE, Plaintiff requests damages and reasonable attorneys' fees from Defendant pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1981, and any other applicable authority (statute/law, etc.) to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By:   */s/Bruce A. Coane*
**Bruce A. Coane**
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Ethan Edwards
S.D. Tex. No. 3723395
Texas Bar No. 24125765
Email: ethan.edwards@coane.com
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 832-558-1780

***ATTORNEYS FOR PLAINTIFF***