United States District Court
Southern District of Texas
**ENTERED**
January 23, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KAREN GREEN, | § | |
| | § | |
| | § | |
| Plaintiff & Counter-Defendant, | § | |
| | § | CIVIL ACTION NO. H-22-2559 |
| v. | § | |
| | § | |
| HCTec PARTNERS, LLC, | § | |
| | § | |
| Defendant & Counter-Plaintiff. | § | |
| | § | |

**MEMORANDUM AND OPINION**

The plaintiff and counter-defendant, Karen Green, seeks leave to file a first amended complaint.  (Docket Entry No. 47).  The defendant and counter-plaintiff, HCTec Partners, LLC, is opposed.  (Docket Entry No. 49).  Based on the record, the briefing, and the applicable law, the motion is denied.  The reasons are set out below.

**I.  Background**

Green was employed by HCTec from April 2018 to May 2021, when she was terminated.  (Docket Entry No. 1 at ¶¶ 15, 30).  In August 2022, Green sued HCTec.  (Docket Entry No. 1).  Green alleges that HCTec, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*: (1) discriminated against her because of her race and sex; (2) subjected her to a hostile work environment based on race and sex; and (3) retaliated against her because of complaints of discrimination based on her race and sex.

In September 2023, HCTec moved for leave to file a counterclaim, alleging that Green had breached her confidentiality and non-compete agreement with HCTec by working for direct competitors during and after her employment.  (Docket Entry No. 37).  Green opposed the motion

for leave, arguing that HCTec had not demonstrated good cause for not filing the counterclaim earlier. (Docket Entry No. 39). HCTec replied that it had not discovered the full facts underlying its counterclaim until Green's deposition and response to requests for production in June 2023. (Docket Entry No. 37 at 2; Docket Entry No. 40 at 3–4). The court granted HCTec leave to file the counterclaim. (Docket Entry No. 41).

In November 2023, Green filed a charge with the Equal Employment Opportunity Commission, alleging that HCTec's counterclaim had been filed in retaliation for her protected activity, the filing of this lawsuit. (Docket Entry No. 47 at 1). The Equal Employment Opportunity Commission issued Green a notice of right to sue. (*Id.*). Green then moved the court for leave to amend her complaint to add a retaliation claim based on HCTec's counterclaim. (*Id.*).

## II.   The Legal Standard

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic," *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.,* 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996). Amendment is futile when the amended complaint would fail to state a claim upon which relief could be granted or would otherwise be subject to dismissal. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir.

2016), *cert. denied sub nom. Legate v. Collier*, 137 S.Ct. 489, 196 L.Ed.2d 389 (2016), *reh'g denied*, 137 S.Ct. 1139, 197 L.Ed.2d 239 (2017); *Daniels v. Corr. Corp*, 47 F.3d 426 (5th Cir. 1995).

## III.   Analysis

Green's motion for leave to amend raises two questions.  First, has Green demonstrated good cause for the amendment?  Second, would amendment be futile because the new retaliation claim Green seeks to assert fails to state a claim for relief? The court does not reach the first question because it finds that amendment would be futile.

The law in this circuit is unclear whether a counterclaim filed by a former employer can constitute Title VII retaliation.   The Fifth Circuit held, in *Hernandez v. Crawford Building Material Company*, 321 F.3d 528 (5th Cir. 2003), that it could not:

> 'It is not obvious that counterclaims or lawsuits filed against a Title VII plaintiff ought to be cognizable as retaliatory conduct under Title VII. After all, companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis.'  *Scrivner v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 972 (5th Cir. 1999). . . .  While there are no reported decisions from this circuit dealing directly with this question, we think it is clear that, given our strict interpretation of retaliation claims, an employer's filing of a counterclaim cannot support a retaliation claim in the Fifth Circuit.  A counterclaim filed after the employee has already been discharged in no way resembles the ultimate employment decisions described in Section 2000e–2(a)(1).

*Id.* at 532.

There is, however, reason to believe that *Hernandez* is no longer good law.  The "strict interpretation of retaliation claims" on which the holding was based has been abrogated.  After *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), courts must not require a plaintiff alleging retaliation to prove that he or she was subject to a "tangible" or "ultimate" employment decision.  Rather, the plaintiff need only show that the alleged retaliation would dissuade a reasonable worker from engaging in protected activity.  Recently, the Fifth Circuit

3

jettisoned a similar requirement that it had previously applied to Title VII discrimination claims. *See Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023). This court is not bound by Fifth Circuit precedent that has been expressly or implicitly overruled. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). Nonetheless, at least one district judge in this circuit has continued applying *Hernandez*, reasoning that *Burlington Northern* abrogated only one of the two rationales underlying the decision:

> [Treating] *Hernandez* as abrogated rather than overruled accords with reading *Hernandez* as resting on two rationales: one founded on the ultimate-employment-decision standard . . . and the separate proposition that "companies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis." As *Burlington Northern* affects only one of those rationales, *Hernandez*'s holding that filing a counterclaim is not an adverse employment action remains precedent this Court is bound to follow.

*Madrigal v. Kleberg Cnty.*, No. 2:15-CV-345, 2016 WL 4611287, at *6 (S.D. Tex. Sept. 6, 2016) (citation omitted).

The court need not decide the precedential status of *Hernandez* because, even assuming it is no longer good law, the proposed amended complaint fails to plausibly allege facts allowing the reasonable inference that HCTec's counterclaim was brought for purposes of retaliation instead of redress for its legal injuries.

Courts that allow retaliation claims based on the lawsuits or counterclaims of former employers do so only "under relatively narrow circumstances." *Ortiguerra v. Grand Isle Shipyard, LLC*, No. CV 22-309, 2023 WL 3676793, at *4 (E.D. La. May 25, 2023) (quoting *Porter v. MooreGroup Corp.*, No. 17CV07405KAMVMS, 2020 WL 32434, at *11 (E.D.N.Y. Jan. 2, 2020)); *see also Aday v. Westfield Ins. Co.*, No. 21-3115, 2022 WL 203327, at *13 (6th Cir. Jan. 24, 2022); *Kendel v. Loc. 17-A United Food & Com. Workers*, 835 F. Supp. 2d 421, 430 (N.D. Ohio 2011). To plead such a claim, the plaintiff generally must allege facts allowing for the reasonable inference that the former employer's legal action is maintained in bad faith and

4

motivated by retaliation.  *See Ortiguerra*, 2023 WL 3676793, at \*5.  "Stated differently, the court must find (1) the employer acted with retaliatory motive and (2) that the employer's counterclaims lack a reasonable basis in fact or law."  *Id.* (quotation marks and quoting reference omitted).  These requirements are necessary to ensure that the former employer is not penalized for exercising its constitutional right to petition the courts for redress.  *See Aday*, 2022 WL 203327 at \*13 ("[A]n employer is not barred from filing a well-grounded, objectively based action against an employee who has engaged in a protected activity.");  *Hernandez* 321 F.3d at 532 ("[C]ompanies and citizens have a constitutional right to file lawsuits, tempered by the requirement that the suits have an arguable basis.").

Drawing all reasonable inferences in Green's favor, the court is unable to conclude from the allegations of the proposed amended complaint that HCTec's counterclaim is motivated by retaliation and lacks a reasonable basis in fact or law.  The proposed amended complaint alleges the following:

> 32.    On September 28, 2023, more than one year after Plaintiff initiated this lawsuit, HCTec filed a motion for leave to amend its pleadings to add counterclaims against Plaintiff for breach of contract and breach of fiduciary duty.

> . . .

> 37.    At a hearing before the Hon. Lee H. Rosenthal on October 11, 2023, Defendants were granted leave to amend and the counterclaims were filed on October 12, 2023.

> 38.    Even if HCTec was not aware of Plaintiff's second job in early 2020, by its own admission during court proceedings, it was aware of Plaintiff's second job during her employment with HCTec since at least June 2023.

> 39.    With Defendant unable to provide a reason for the long delay in filing claims against Plaintiff, the retaliatory purpose of the countersuit was quickly revealed.  The countersuit is a bad faith maneuver intended to scare and discourage Plaintiff from pursuing her Title VII and Section 1981 claims.

> 40.    Suspiciously, the counterclaims were filed after a hearing during which Defendant was ordered to narrow its requests for third-party discovery (ECF 35),

after Plaintiff's deposition of Druessi on September 26, 2023, and after discovery disputes with Plaintiff about Defendants' deficient production of documents and Plaintiff's deposition of a former HCTec employee named Donna Martin.

. . .

130.    Plaintiff engaged in a protected activity when she filed her lawsuit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.

131.    Defendant acted in retaliation against Plaintiff by filing counterclaims against Plaintiff years after becoming aware of Plaintiff's second job.

132.    It is the timing of Defendant's counterclaims that proves the causal connection between the Plaintiff's protected activity of filing suit and the Defendant's retaliation.  Defendant has no explanation for waiting four years after becoming aware of Plaintiff's second job in 2020, when Plaintiff notified Rush in writing about her second job.

. . .

135.    If Plaintiff had not engaged in the protected activity of filing suit against HCTec, she would have avoided a countersuit.  It is only because Plaintiff filed her lawsuit and has continued with this expensive, emotionally draining, and time-consuming litigation for more than a year that Defendant filed its counterclaims to dissuade her from forging ahead.

136.    As a direct and proximate result of the Defendant's retaliatory conduct that violates federal law, Plaintiff has suffered damages, including emotional distress and harm to reputation.

137.    Defendant's actions were intentional and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant are aggravated by its maliciousness, for which the law allows the imposition of punitive damages.  Plaintiff therefore seeks punitive damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

(Docket Entry No. 47-1).

As the allegations show, Green relies on the timing of HCTec's counterclaim to support the inferences of retaliation and bad faith.  Green asks the court to infer from the fact that HCTec did not sue her first that the counterclaim is maintained in bad faith and lacks a reasonable basis in fact and law.  This is not a reasonable inference.

"Temporal proximity alone, when very close, can in some instances establish a *prima facie* case of retaliation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). However, the court doubts the applicability of that principle here. Before a dispute materializes into a lawsuit, strategic considerations factor into whether and when a given party will pull the trigger and file a complaint. A party with a colorable legal grievance may legitimately choose to wait and see whether the other side will sue first, perhaps in the hope that a settlement can be reached before the expense and friction of litigation come into play. But once one side sues, there is nothing suspicious about the other side filing counterclaims.

Even giving Green the benefit of the inference about timing, Green does not allege any facts relevant to whether HCTec's counterclaim has a reasonable basis in fact or law. HCTec did not file the counterclaim as a matter of right; it sought leave to do so, and leave was granted. (Docket Entry Nos. 37, 41). Had the court found that HCTec's counterclaim had no basis in fact or law, it would not have granted leave. The court now makes explicit that HCTec states a claim on which relief can be granted. HCTec alleges that Green signed a non-compete agreement as part of her employment with HCTec. (Docket Entry No. 43 at ¶ 7). HCTec alleges that Green breached the agreement because she was employed by HCTec's direct competitors during and after her employment with HCTec. (*Id.* at ¶¶ 7–9). Green admits that she was employed by at least one of these alleged competitors. (Docket Entry No. 46 at ¶ 8).

The court cannot conclude that HCTec filed the counterclaim in bad faith, for retaliatory purposes, and without a reasonable basis in fact or law.

## IV.    Conclusion

Green's motion for leave to amend her complaint is denied because amendment would be futile. (Docket Entry No. 47).

SIGNED on January 23, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge