United States District Court
Southern District of Texas

**ENTERED**

May 31, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|                          |   |                              |
|--------------------------|---|------------------------------|
| HCTec PARTNERS, LLC,     | § |                              |
|                          | § |                              |
|                          | § |                              |
| Counter-Plaintiff,       | § |                              |
|                          | § |                              |
| v.                       | § | CIVIL ACTION NO. H-22-2559   |
|                          | § |                              |
| KAREN GREEN,             | § |                              |
|                          | § |                              |
| Counter-Defendant.       | § |                              |
|                          | § |                              |

### ORDER GRANTING LEAVE TO AMEND

The plaintiff, Karen Green, alleges that her former employer, HCTec Partners, LLC, discriminated against her because of her race and sex, subjected her to a hostile work environment based on race and sex, and retaliated against her because of her complaints of discrimination based on her race and sex.  (Docket Entry No. 1).  HCTec has counterclaimed against Green, alleging that she breached her confidentiality and noncompete agreement with HCTec by working for direct competitors during and after her employment.  (Docket Entry No. 43).

Green filed an answer to the counterclaim in November 2023.  (Docket Entry No. 46).  In April 2024, Green amended that answer and asserted a jury demand.  (Docket Entry No. 65).  A few weeks later, she filed a motion for leave to amend her answer to the counterclaim.  (Docket Entry No. 67).  HCTec moved to strike the amended answer on the grounds that (1) Green had not obtained leave of court and (2) the amended answer was signed by an attorney who had withdrawn from the case.  (Docket Entry No. 68).  HCTec also filed a response in opposition to the motion for leave to amend.  (Docket Entry No. 71).

Because the only modification to Green's answer is the jury demand, the court analyzes the motion for leave to amend under Federal Rule of Civil Procedure 39(b), which gives district courts discretion "on motion, [to] order a jury trial on any issue for which a jury might have been demanded."  "When the discretion of the court is invoked under Rule 39(b), the court should grant

a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). "A motion for trial by jury under this rule should be favorably received unless there are persuasive reasons to deny it." *Id.* (internal quotation marks and quoting reference omitted).

HCTec argues that Green should not be permitted to assert an untimely jury demand because "HCTec would be significantly prejudiced as the parties have already conducted discovery specifically targeted towards HCTec's counterclaim and have made different strategic decisions in the course of litigating the counterclaim to move forward with a non-jury trial." (Docket Entry No. 71 at 3). HCTec also asserts that "[t]he unavoidable result of Green's proposed amendment may delay the resolution of this case." (*Id.*).

HCTec has failed to identify "strong and compelling reasons" to deny Green's motion. Green demanded a jury trial in her original complaint when this case was filed in August 2022. (Docket Entry No. 1). Trying HCTec's counterclaims to the jury that will already be empaneled to hear Green's claims would be efficient and would not prejudice HCTec. HCTec's conclusory assertions about prejudice and delay are unpersuasive.

Green's motion for leave to amend is granted. (Docket Entry No. 67). The amended answer is deemed properly filed and will be treated as Green's operative answer. (Docket Entry No. 65). HCTec's motion to strike is denied. (Docket Entry No. 68).

SIGNED on May 31, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge